# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **OADIS WILLIAM WHITE III,** | ) | CASE NO. 7:20CV00771 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| **WALLENS RIDGE STATE PRISON,** | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

Petitioner Oadis William White III, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, apparently alleging that he is confined on state court convictions that were unlawfully obtained.[1] Upon review of the record, the court finds it appropriate to summarily dismiss the petition without prejudice because White has not exhausted available state court remedies or stated any claim for relief.

A federal court can entertain a petition for a writ of habeas corpus by a person who is in custody "pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under 28 U.S.C. § 2254(b), however, a court can grant a habeas petition only if the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is completed by seeking review of the claims, throughout the state court system, to the highest state court with jurisdiction to consider the claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Under Virginia law, White could have filed a direct appeal to the Court of Appeals of Virginia, with a subsequent appeal to the Supreme Court of Virginia. See Va. Code Ann.

---

[1] White filed his petition in the United States District Court for the Eastern District of Virginia. Because he was challenging convictions imposed by a court located in the western part of the Commonwealth, however, the case was transferred to this court.

§§ 17.1-406(A), 17.1-411.  For claims not cognizable on direct appeal, White could have filed a state habeas petition in the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia.  Va. Code Ann. §§ 8.01-654(A)(1), 17.1-406(B).  In the alternative, he could have filed a state habeas petition directly with the Supreme Court of Virginia.  Va. Code Ann. § 8.01-654(A)(1).  By one of these routes, White must have presented his claims to the Supreme Court of Virginia and received a ruling from that court to satisfy the exhaustion requirement so that a federal district court could consider them on the merits under § 2254.

White's petition does not indicate that he has previously filed any appeal or habeas corpus petition in the Supreme Court of Virginia, and court records online indicate that he has not done so.  Because he did not exhaust available state court remedies regarding any potential habeas corpus claim, and because he does not clearly state any constitutional challenge to the validity of his confinement under his state convictions, this court could not grant any habeas corpus relief in response to this petition.  Therefore, the court will dismiss White's § 2254 petition without prejudice.  An appropriate order will issue this day.  Such a dismissal leaves White free to file another § 2254 petition or petitions challenging his confinement under the state court convictions, provided that any new petition clearly states claims for relief and facts to support those claims.[2]

---

[2] White is advised that this federal petition also appears to be untimely filed under 28 U.S.C. § 2244(d)(1)(A) (requiring that petition be filed within one year after state court criminal judgment becomes final upon expiration of opportunities for direct review).  If White elects to file a future § 2254 petition in which he states claims for habeas relief, he should also provide information and argument about why his claims should be considered timely under some other subsection of § 2244(d)(1) or on the basis of equitable tolling.

The clerk is directed to send copies of this memorandum opinion and the accompanying order to White.

**ENTER**:  This  31st  day of December, 2020.

_____
Senior United States District Judge